UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 4:07CR36 |
|---|---|---|
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| LACHON PHILLIPS, | ) | OPINION AND ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on the Motion (Doc. 43) of Defendant Lachon Phillips to Reduce his Sentence Under Section 404 of the First Step Act. For the following reasons, the Motion is **GRANTED, in part** and **DENIED, in part**.

I. BACKGROUND FACTS

On June 7, 2007, Defendant pleaded guilty to Count One, Possession of Cocaine Base (Crack) with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In his Plea Agreement, Defendant admitted to possessing with the intent to distribute approximately 365.3 grams of crack. (Doc. 24, PageID: 59). On September 13, 2007, the Court sentenced Defendant to 235 months imprisonment and 10 years supervised release. (Doc. 26).

On December 21, 2018, President Trump signed into law the First Step Act of 2018.[1] Section 404 of the First Step Act "applies retroactively the Fair Sentencing act of 2010 which reduced mandatory minimum penalties for crack cocaine offenses."[2]

On March 21, 2019,[3] Defendant filed a Motion seeking relief under the First Step Act. (Doc. 42). The Government filed its Opposition on April 3, 2019. (Doc. 44). Defendant filed a Supplement to his Motion on October 7, 2019. (Doc. 45).

## II. LAW AND ANALYSIS

### A. Standard of Review

Generally, federal courts may not modify an individual's term of imprisonment. 18 U.S.C. § 3582(c). An exception to this general rule is contained in 18 U.S.C. § 3582(c)(1)(B). Under this Section, a court may "modify an imposed term of imprisonment to the extent otherwise permitted by statute…" *Id.* at § 3582(c)(1)(B). The First Step Act of 2018 is such a statute that permits the modification of an individual's term of imprisonment.[4]

"A court that imposed a sentence for a 'covered offense' may…impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010…were in effect at the time the covered offense was committed." First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat. 5194 (hereafter "First Step Act"), § 404(b) (internal citations omitted). A "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified

---

[1] United States Sentencing Commission, ESP Insider EXPRESS, Special Edition: First Step Act, 1 (Feb. 2019) (hereinafter "USSC First Step Act"), *available at* https://www.ussc.gov/about/news/commission-newsletters.

[2] *Id.*

[3] Defendant filed a corrected Motion on March 27, 2019 with the correct case number. (Doc. 43).

[4] USSC First Step Act, at 8.

by section 2 or 3 of the Fair Sentencing Act of 2010…that was committed before August 3, 2010." *Id.* at § 404(a) (internal citations omitted).

There are a few limitations before a court may reduce a sentence under the First Step Act. Specifically, a court cannot reduce a sentence (1) if the court previously reduced defendant's sentence under the Fair Sentencing Act; or (2) if a defendant previously moved under the First Step Act and a court denied the defendant's motion on the merits. *Id.* at § 404(c). Further, a court's decision to reduce a sentence is discretionary. *Id.* ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section").

### B. Eligibility Under the First Step Act

The parties disagree whether Defendant is eligible for relief under the First Step Act. The Government argues that Defendant would face the same statutory punishment if the Court applied the revised Fair Sentencing Act range to Defendant's crimes. This is because Defendant admitted in his Plea Agreement to possessing at least 365.3 grams of crack.

Defendant counters and cites the same Plea Agreement where the parties stipulated that Defendant's offense involved a range of 150–500 grams of crack. Defendant also cites the Indictment which charged Defendant with possession of 50 grams or more of crack. Given Congressional intent, the rule of lenity and the focus on statutory penalties as opposed to individual conduct, Defendant argues the Court should look at the lower weight of crack and apply the Fair Sentencing Act penalties. Doing so would reduce Defendant's sentencing range to 10 years to life. Defendant also discusses the reduced penalties for supervised release, which the Government fails to address.

Defendant is eligible for relief under the First Step Act. The majority of district courts to address this issue appear unified—"eligibility for relief under the First Step Act is determined by

the amount charged in the indictment, not the amount admitted in the plea agreement or found at sentencing." *United States v. Booker*, 2019 WL 2544247, at *2 (N.D. Ill. June 20, 2019) (citing cases holding same); *see also United States v. Stone*, --- F. Supp. 3d ----, 2019 WL 4259455, at *3 (M.D. Tenn. Sept. 6, 2019) ("the conviction-controls approach appears to be the prevailing interpretation of the law"). The defendant in *Booker* pleaded guilty to knowingly and intentionally conspiring to distribute and possess 50 grams or more of crack. *Booker*, at *1. In his plea agreement, the defendant admitted that the total amount of drugs possessed during the conspiracy was over 4.5 kilograms of crack. *Id.* When the defendant filed his First Step Act motion, the Government made a similar argument as it does here—the defendant's actual offense conduct involved more than 4.5 kilograms of crack which far exceeds the revised statutory weight of 280 grams. *Id.* at 2. The *Booker* court disagreed and determined the amount charged in the indictment controls eligibility under the First Step Act as opposed to a defendant's admission in a plea agreement. *Id.* at *2-3.

Like the court in *Booker*, the Court finds Defendant eligible for relief under the First Step Act. Defendant committed a "covered offense" as he pleaded guilty to a violation of 21 U.S.C. § 841(b)(1)(A). Section 2 of the Fair Sentencing Act increased the drug quantities triggering mandatory minimums for crack cocaine offenses from 50 grams to 280 grams. The Indictment charged Defendant with 50 grams or more of crack. (*See* Doc. 6). If the Fair Sentencing Act applied during Defendant's original Indictment and Sentence, he would face different statutory minimums outlined in § 841(b)(1)(B). Further, Defendant committed the offense before August 3, 2010. Finally, the Court has neither (1) reduced Defendant's sentence under the Fair Sentencing Act; nor (2) denied a previous motion of Defendant under the First Step Act. Accordingly, Defendant is eligible for a reduced sentence under the First Step Act.

### C. Court's Discretion to Reduce Sentence

Despite Defendant's eligibility for relief under the First Step Act, the Court declines to grant the requested relief, in part. At the time of sentencing, Defendant had a prior conviction for a serious drug felony.[5] Even applying § 841(b)(1)(B) to Defendant's offense, Defendant would still face a maximum term of imprisonment of life. And because of Defendant's designation as a career offender, which the First Step Act did not change, Defendant would still face a base offense level of 37, which is the same level determined at his original sentencing. Since Defendant's designation as a career offender remains the same, the Court declines to reduce Defendant's term of imprisonment. *See United States v. Hegwood*, 934 F.3d 414, 419 (5th Cir. 2019) ("The district court committed no error in continuing to apply the career-criminal enhancement when deciding on a proper sentence").

Moreover, the Court finds relevant Defendant's admission to possessing 365.3 grams of crack. While his admission does not dictate his eligibility under the First Step Act, it does have impact on the Court's decision whether to reduce his Sentence. *See Stone*, 2019 WL 4259455 at *8 ("although the Court does not base Defendant's eligibility for relief on the total quantity of crack attributed to his conduct, that number will still weigh into its determination of the appropriate reduced sentence"). The Court finds it hard to imagine that if Defendant committed the same offense today that the Government would not indict under the 280-gram threshold found in § 841(b)(1)(A).

---

[5] Defendant argues his prior drug offenses would not subject him to an enhanced statutory sentencing range *if Defendant committed the same offense today*. (Doc. 43, 237) (emphasis added). The First Step Act requires courts to apply the amended statutory penalties as if they "were in effect *at the time the covered offense was committed*." First Step Act, § 404(b) (emphasis added). Accordingly, the relevant time period for the Court is 2006 when Defendant committed the covered offense, not the "changed community standards" of 2019.

The Court will, however, reduce Defendant's term of Supervised Release to 8 years. Section 841(b)(1)(B) mandates a supervised release period of "at least 8 years" for individuals with a prior serious drug felony conviction. 21 U.S.C. § 841(b)(1)(B). The previous minimum of 10 years under § 841(b)(1)(A) no longer applies since the increased drug threshold moved Defendant's offense from a violation of § 841(b)(1)(A) to a violation of § 841(b)(1)(B).

### III. CONCLUSION

While Defendant is eligible for relief under the First Step Act, the Court declines to exercise its discretion to reduce Defendant's sentence. Defendant still qualifies as a career offender and admitted to possessing over 280 grams of crack. Therefore, the Court **DENIES** Defendant's Motion under § 404 of the First Step Act for a reduction to his term of imprisonment. However, the Court **GRANTS** Defendant's request to reduce his term of Supervised Release to 8 years.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: December 16, 2019**